J-S24035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLIN BEST | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2022 |

Appeal from the PCRA Order Entered August 2, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000742-2008,
CP-41-CR-0001020-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: AUGUST 18, 2023**

Appellant Colin Best appeals the order of the Court of Common Pleas of Lycoming County dismissing his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  PCRA counsel ("Counsel") has filed a petition to withdraw his representation with an accompanying brief.  We remand to the PCRA court for proceedings consistent with this decision.

In July 2019, Appellant was charged with two counts of invasion of privacy at docket number CR-41-CR-1020-2019 for his actions in taking photographs of young females (ages 24 and 15) while they tried on bathing suits in a dressing room of a department store.  Appellant was also facing a violation of his probation (VOP) at docket number CP-41-CR-0000742-2008.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On August 19, 2019, Appellant filed a pro se motion for the appointment of new counsel at both dockets. Thereafter, Appellant filed multiple *pro se* filings, indicating he was filing the documents *pro se* as he was not satisfied with his counsel's representation.

On September 20, 2019, the trial court held a hearing at which Appellant requested to proceed *pro se* with the assistance of standby counsel. The trial court conducted a colloquy on the record and determined that Appellant's waiver of counsel at both dockets was knowing, intelligent, and voluntary. The trial court also appointed Helen Stolinas, Esq. as standby counsel, specifying that Attorney Stolinas's duties were "solely to answer legal questions raised by [Appellant] in person, in writing, or while in a court proceeding." Order, 9/24/19, at 1.

At a hearing held on October 29, 2019, Appellant made an oral request that Attorney Stolinas be appointed as his legal counsel for docket 742-2019, but indicated he would proceed *pro se* at docket 1020-2019. Notes of Testimony (N.T.), 10/29/19, at 32-37. The trial court appointed Attorney Stolinas to represent Appellant in connection with the VOP matter at docket 742-2019. The trial court directed the Commonwealth to provide discovery to Attorney Stolinas on both dockets, although Appellant had not requested Attorney Stolinas's representation for docket 1020-2019 and Attorney Stolinas was still standby counsel in that case. N.T., 10/29/19, at 37-39.

On January 23, 2020, Appellant entered a negotiated guilty plea to two counts of invasion of privacy at docket number 1020-2019 and was sentenced

to two consecutive terms of one to two years' imprisonment for an aggregate sentence of two to four years' imprisonment. On the same day, Appellant was resentenced on a probation violation on docket 742-2008 to a period of two to four years' imprisonment, which would run concurrently with his sentence at docket 1020-2019. The trial court also indicated that Appellant would be required to comply with sex offender reporting requirements. Appellant acted *pro se* in reaching this plea deal with the Commonwealth.

On December 14, 2020, Appellant filed a timely *pro se* PCRA petition listing both captions. The PCRA court appointed Jeana Long, Esq. to serve as Appellant's PCRA counsel, but Attorney Long filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After a September 7, 2021 hearing, the trial court allowed Attorney Long to withdraw as counsel based on its finding that Attorney Long and Appellant had irreconcilable differences.[2] Order, 9/7/21, at 1.

The trial court appointed Matt Diemer, Esq. ("Counsel") to serve as Appellant's PCRA counsel and directed him to evaluate Appellant's PCRA petition and file either a supplemental PCRA petition or a motion to withdraw long with a **Turner-Finley** no-merit letter. Order, 9/7/21, at 1.

On February 9, 2022, Counsel filed a supplemental PCRA petition raising claims of the ineffectiveness of trial counsel and prior PCRA counsel as well as

---

[2] The PCRA court did not evaluate Attorney Long's request to withdraw based on the reasoning set forth in her **Turner-Finley** no-merit letter.

a claim that the Commonwealth had withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On April 11, 2022, Appellant filed a *pro se* petition to request review of an additional PCRA issue raising a challenge to his reporting requirements under SORNA pursuant to *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). On April 14, 2022, the PCRA court forwarded Appellant's *pro se* filing to counsel. Counsel did not file any additional supplemental petitions.

On May 6, 2022, the PCRA court held an evidentiary hearing. On August 2, 2022, the PCRA court filed an order and opinion listing both docket numbers and denying Appellant's petition.

On August 19, 2022, Appellant filed a timely notice of appeal. Thereafter, counsel filed a petition to withdraw along with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Appellant has raised the following issues for our review:

I. Whether the application to withdraw as counsel should be granted where counsel has investigated the possible grounds for appeal and finds the appeal to be frivolous and without merit.

II. Whether the PCRA court erred in denying Appellant's Petition for Post-Conviction Relief.

III. Whether standby counsel was ineffective, depriving Appellant of his Constitutional right to self-representation by taking an active role beyond that prescribed for by standby counsel and failing to provide all information to Appellant to allow for a knowing, intelligent, and voluntary plea.

IV. Whether the Commonwealth violated Appellant's due process rights by willfully or deliberately withholding material evidence which in so doing undermined the truth

> determining process and eliciting a guilty plea which was not knowing, intelligent and voluntary.
>
> V. Whether Appellant's sentence is illegal under the due process clause and Article I, Section 1 of the Pennsylvania Constitution, and pursuant to the holding in *Commonwealth v. Torsilieri*.

*Anders* Brief, at 4.

As a preliminary matter, we first must address the fact that Appellant filed a single notice of appeal, listing both docket numbers at 1020-2019 and 742-2008. In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket.

However, in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019), this Court concluded that a breakdown in court processes occurs when a PCRA court mistakenly advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. *Id*. at 160. *See also Commonwealth v. Larkin*, 235 A.3d 350, 352-54 (Pa.Super. 2020) (*en banc*) (reaffirming *Stansbury*).

In this case, the PCRA court's order dismissing Appellant's petition listing two lower court docket numbers, advised Appellant that he had the right to file "**a** Notice of Appeal." Order, 8/2/22, at 8 (emphasis added). Similar to *Stansbury* and *Larkin*, a breakdown in court processes occurred in this case when the PCRA court notified Appellant that he only had to file a single notice

of appeal in connection with his appeal on two separate docket numbers. Thus, we overlook this procedural error and may allow the appeal to proceed.

As noted above, Counsel filed a petition to withdraw and an **_Anders_** brief.  We note that on collateral appeal from the denial of a PCRA petition, counsel was required to file a **_Turner_**/**_Finley_** letter and accompanying petition to withdraw — not an **_Anders_** brief and accompanying petition. However, "[b]ecause an **_Anders_** brief provides greater protection to a defendant, this Court may accept an **_Anders_** brief in lieu of a **_Turner/Finley_** letter"). **_Commonwealth v. Widgins_**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

In reviewing a request to withdraw on collateral review, our courts have held that:

> [c]ounsel petitioning to withdraw from PCRA representation must proceed ... under **_Turner_**, **_supra_** and **_Finley_**, **_supra_** and ... must review the case zealously. **_Turner_**/**_Finley_** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed _pro se_ or by new counsel.
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **_Turner_**/**_Finley_**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (brackets omitted)).

After reviewing the record and counsel's petition to withdraw, we find that PCRA counsel has not complied with the technical requirements of *Turner* and *Finley*, *supra*. In his appellate brief, PCRA counsel detailed the nature and extent of his review, listed the issues which Appellant wished to appeal, and indicated that he finds the appeal frivolous and without merit.

However, Counsel failed to explain why he believed each claim was frivolous. Instead, Counsel suggested that this Court "must now make an independent judgment" as to whether the PCRA court erred in dismissing each claim in Appellant's amended petition. Counsel also indicated this Court "must make an independent judgment as to whether Appellant's sentence is violative of his constitutional rights" pursuant to *Torsilieri*. Counsel included no analysis of Appellant's claims.

This Court has held that in seeking to withdraw, "it is up to PCRA counsel to identify **each** issue Appellant wishes to raise, and to explain whether that specific claim has been previously litigated, whether it is waived for failure to raise it on direct appeal, or whether it is frivolous for some other reason." *Commonwealth v. Glover*, 738 A.2d 460, 464–65 (Pa.Super. 1999) (emphasis in original) (finding counsel's no-merit letter was legally insufficient as it did not explain why each issue raised in the appellant's petition was frivolous).

In similar circumstances, in ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa.Super. 2003), appellate counsel attempted to withdraw on collateral appeal by filing an ***Anders*** brief and failed to explain why the specific claims raised in the appeal lacked merit. As counsel neither succeeded in either advancing Appellant's claims nor certifying their lack of merit, this Court found that the record provided no evidence that counsel meaningfully participated in the appeal, which essentially deprived the appellant of the opportunity to have counsel representing him on his first collateral appeal. ***Id.*** at 947. As a result, this Court remanded for the appointment of new counsel and directed newly appointed counsel to file an advocate's brief raising meritorious claims or to file a petition to withdraw with a proper ***Turner-Finley*** no merit letter. ***See Glover***, 738 A.2d at 465 (emphasizing that "every post-conviction litigant is entitled by statutory and case law to have at least one meaningful opportunity to have issues reviewed in the context of a collateral attack").

Likewise, in this case, we conclude that Appellant was effectively deprived of his right to counsel on appeal of his first PCRA petition. Accordingly, we remand for the PCRA court to appoint new appellate counsel, who shall have thirty (30) days from the date of the appointment to either file an advocate's brief or a no-merit letter that complies with ***Turner-Finley***.[3] The Commonwealth will then have thirty (30) days to file a responsive brief, if the Commonwealth desires to do so.

---

[3] As such, Counsel's petition to withdraw is denied as moot.

Case remanded for proceedings consistent with this decision. Counsel's petition to withdraw is denied as moot. Panel jurisdiction retained.